**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory K Cook, | No. CV-25-00966-PHX-KML |
| Petitioner, | **ORDER** |
| v. | |
| Jason Gunther, | |
| Respondent. | |

Petitioner Gregory K. Cook was sentenced to 120 months imprisonment for possession with intent to distribute methamphetamine in the District of Hawaii on September 28, 2021. Now housed at FCI-Phoenix, he filed a petition under 28 U.S.C. § 2241 challenging the Bureau of Prisons's ("BOP's") failure to award earned time credits ("ETCs") under the First Step Act ("FSA") for time he spent in U.S. Marshals Service custody in Hawaii after sentencing but before he was designated and transferred to a BOP facility. Magistrate Judge Bachus issued a Report and Recommendation ("R&R") recommending dismissal of the petition as premature or alternatively denial on the merits because Cook did not show he had engaged in eligible programming in Hawaii. (Doc. 13 at 6–8, 13.) Cook objected to the R&R on both grounds (Doc. 14), and respondent did not respond. Having reviewed the R&R *de novo*, its conclusion that Cook's petition is premature is adopted and the petition dismissed without prejudice.

The FSA provides that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention

facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Cook's petition alleges that under those statutory terms, the BOP should give him FSA credits for the seven months he spent in the custody of the U.S. Marshals Service in Hawaii awaiting transportation to his first designated BOP facility. (Doc. 1 at 3, Doc. 14 at 3.) It is undisputed that the BOP has not awarded him credits for that time period under a BOP program statement, interpreting a regulation, that provides "an inmate cannot earn FTC when not in Bureau custody, including when in U.S. Marshals Service custody prior to arriving at their designated facility, regardless of where they are housed[.]" (Doc. 9-1 at 50) (relying on 28 C.F.R. § 523.42(a)). As the R&R correctly describes, district courts have arrived at conflicting conclusions as to whether the program statement conflicts with the FSA. (Doc. 13 at 12–13 (comparing *Heath v. Knight*, No. 22-7270 (RMB), 2024 WL 5198863, at *5 (D. N.J. Dec. 23, 2024), *with Stinson v. Martinez*, No. 2:23-cv-0751, 2024 WL 4969169, at *7 (W.D. La. Nov. 12, 2024), *report and recommendation adopted as modified*, No. 2:23-CV-0751, 2024 WL 4965618 (W.D. La. Dec. 3, 2024).)

The court need not reach that question here because after reviewing *de novo* Cook's objections on this ground, it adopts the R&R's conclusion that the petition is premature.[1] The FSA's subsection governing eligibility for prerelease custody or supervised release— the remedy Cook seeks—makes clear the subsection does not apply until the prisoner "has earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). District courts throughout the Ninth Circuit (including within the District of Arizona) have cited this provision in finding § 2241 petitions premature because they cannot award the relief sought under the FSA until the petitioner's recalculated time credits would equal the remainder of the imposed term of imprisonment. *See Tapia v. Barron*, 2:23-cv-01531-BJR-BAT, 2024 WL 2946184, at *3-*5 (W.D. Wash. Jan. 12, 2024), *report and recommendation adopted*, No. 23-CV-1531-

---

[1] The district court does not address the R&R's alternative merits holding that Cook failed to show he participated in evidence-based recidivism reduction programming or productive activities in Hawaii. (*See* Doc. 13 at 13.) Cook's objections argue he did participate in such programming (Doc. 14 at 3), and the respondent's failure to respond to the objections leaves his assertion unchallenged.

BJR-BAT, 2024 WL 2943939 (W.D. Wash. June 11, 2024); *Tumbaco v. Birkholz*, No. 2:23-CV-10663-FMO-AJR, 2024 WL 4744025, at *2-*3 (C.D. Cal. Oct. 9, 2024) (collecting cases), *report and recommendation adopted*, No. 2:23-CV-10663-FMO-AJR, 2024 WL 4839791 (C.D. Cal. Nov. 20, 2024); *Turner v. Heisner*, No. CV-22-00178-PHX-JAT-ESW, 2022 WL 2195348, at *3 (D. Ariz. May 16, 2022), *report and recommendation adopted sub nom. Turner v. Cole*, No. CV-22-00178-PHX-JAT, 2022 WL 2192212 (D. Ariz. June 17, 2022).

Cook's objections challenge only the facts underlying the R&R's conclusion that he is not presently "entitled to immediate relief." (Doc. 14 at 1–2.) The R&R relied on a declaration supported by official calculations that the respondent provided with the answer showing Cook had accumulated 485 days of credits as of May or June 2025, but still had 1,112 days remaining on his full-term sentence as of June 13, 2025.[2] (Doc. 14 at 7, Doc. 9-1 at 6, 29.) Cook's argument in his objections that he was entitled to residential reentry center placement as of July 11, 2025 relies on his own by-hand calculation of how many total ETCs he believes he would have if his time in USMS custody was credited. (Doc. 14 at 1, 6–7.) But included in Cook's hand-calculated total are days when BOP's official records clearly reflect he was in a non-earning status due to refusing programming and disciplinary segregation, and ETCs he anticipated earning through June 2026. (*Compare* Doc. 14 at 6–7 *with* Doc. 9-1 at 29–31.) The court cannot credit non-earning or future days towards determining whether Cook is entitled to immediate release. *See Tapia*, 2024 WL 2946184, at *4 (rejecting application of future credits because "'[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all'" and noting ETCs "could accelerate, decelerate, or even be lost depending upon a variety of circumstances, such as opting out of programming, or

---

[2] In fact, the R&R possibly credited Cook with less time remaining on his sentence than he actually had by using the updated projected release date on the BOP's website rather than his full-term release date of June 28, 2028. (*See* Doc. 13 at 7.) The updated projected release date of June 29, 2027 incorporates Cook's ETCs at the FSA's maximum of 365 days credit towards early release from custody, leaving only 120 ETC days before June 29, 2027 to credit towards early placement at a residential reentry center or on supervised release. (Doc. 9-1 at 29, 31.)

violating certain rules and requirements") (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Crediting only the days the BOP would be required to award Cook if he prevailed on his argument regarding USMS custody in Hawaii, his petition falls far short of requiring his immediate release. (*See* Doc. 14 at 6 (adding 10 days per month from October 2021 to March 2022, 15 days per month for April 2022, and 5 days more per month—the difference between Cook's calculation and the BOP's—for each month he was in earning status between May 2022 and November 2022 when the BOP began giving him 15 days of credit).) In addition, to the extent Cook's immediate-release calculation incorporates an additional year of credits under the Second Chance Act (*see* Doc. 14 at 1, 5), that argument is rejected too. *See Huihui v. Derr*, No. CV 22-00541 JAO-RT, 2023 WL 4086073, at *6 (D. Haw. June 20, 2023) ("The SCA is not . . . an additional source of time credits" and "does not require that an inmate receive a full twelve months of halfway house placement, only that an inmate be considered for placement up to twelve months to the extent practicable") (simplified). The R&R is therefore correct that Cook's petition is premature because the court cannot presently award him any relief.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 13) is **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** the petition for writ of habeas corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 13th day of November, 2025.

Honorable Krissa M. Lanham
United States District Judge